Hill, P. J.
Controversy submitted under sections 546-548 of the Civil Practice Act between plaintiffs, vendees in a contract of sale of real property and the defendant, administrator of the vendor. Plaintiffs seek to recover the deposit of $500 paid upon the execution of the. contract and a judgment for a like sum liquidated damages as provided in the contract. The defendant asks a judgment that he be permitted to retain the payment and for $500 liquidated damages. Defendant offers to convey, but the plaintiffs refuse to accept, asserting that the title is unmarketable.
It appears in the stipulation that the contract provided for the conveyance by Carolyn S. Hulett to plaintiffs of two parcels of land which together comprise No. 7 Hawthorne Avenue, Troy, New York. The premises have a frontage of about fifty-five feet on the easterly line of the Avenue. Fifty feet of the frontage is described as Parcel 1 and the remaining five feet Parcel 2. Parcel 1 was conveyed by a reféree in a partition action to Carolyn S. Hulett and her husband Carl S. Hulett by deed dated September 18, 1922. “By an instrument dated November 17, 1922 and recorded in Rensselaer County Clerk’s Office November 21,1922 * * * ” six of eight tenants in common conveyed to the same grantees the five foot strip of land designated herein as Parcel 2. In the partition action by which defendant’s intestate obtained title to Parcel 1, Isaac H. Tanner and William B. Tanner were named as tenants in common with six persons who signed the conveyance of Parcel 2. Service upon the Tanners was obtained by publication, and the stipulation recites that it is not known whether they or either of them are living; that there was no appearance on their behalf in the partition action. Carl S. Hulett died in 1932 and defendant’s intestate “surviving tenant by the entirety, became the sole owner ”. After making the contract in litigation, dated November 23, 1946, and before title was passed, she died, and defendant was appointed her administrator.
The basis of the objection to the title to Parcel 1 is that one of the newspapers in which the summons in the 1922 partition action was published was the Troy Sunday Budget published only on Sunday, and as to Parcel 2, that defendant’s intestate was a tenant in common with the two Tanners, the *635 latter each holding title to one-eighth of Parcel 2, the five-foo't strip.
Ownership of real property by two or more persons in their own right is a tenancy in common (Real Property Law, § 66). The possession by one tenant in common is presumed to be for the benefit of all, and his acts are presumed to be done for the interest of all the tenants and in conformity with their rights, until an adverse claim is asserted. (Baker v. Whiting, 3 Sumn., 475, cited in Allen v. Arkenburgh, 2 App. Div. 452, 458, affd. 158 N. Y. 697). Adverse possession by one tenant in common must be notorious and public and such as to indicate a claim of adverse ownership. (Zapf v. Carter, .70 App. Div. 395, appeal dismissed 176 N. Y. 576). Nothing appears which indicates a claim of adverse ownership by defendant’s intestate as against the nongranting tenants in common. The contract in question was Mrs. Hulett’s first attempt to convey the premises.
The failure of the two Tanners to join in the conveyance of the five-foot strip to defendant’s intestate renders the title to the premises unmarketable. We do not pass upon the assertion of invalidity of service in connection with Parcel 1.
Plaintiffs are entitled to a judgment for $500, which the stipulation provides shall be without costs, such amount being the liquidated damages agreed upon in the contract, and the judgment should direct the return of the deposit of $500.
All concur.
Judgment in favor of plaintiffs, for $500, without costs.
Judgment should also direct the return of the deposit of $500 by defendant to plaintiffs.